FILED

2010 MAY -3 PM 3: 01

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO·FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN BALL,

    Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

    Defendant.
_____/

CASE NO. 6:10-cv-686-ORL-28GJK

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JOHN BALL ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in Orlando, Orange County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Dallas, Texas.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt from a HSBC bank short term private loan.

13. Defendant places collection calls to Plaintiff approximately three (3) times a day.

14. Defendant contacts Plaintiff at telephone number (828) 536-9431 from telephone number (800) 214-5379 seeking and demanding payment for alleged debt.

15. Defendant threatened to get a 'Judgment' against the Plaintiff. To date no

judgment has been secured.

16. Defendant suggested to Plaintiff that Plaintiff retain an attorney.

17. Defendant told Plaintiff that Plaintiff would be going to jail.

18. Defendant stated to Plaintiff, "You want to get belligerent? I will give you my address to come down here and take care of it."

19. Defendant places collection calls to Plaintiff and hangs up.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

20. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated §1692c(a)(1) of the FDCPA by communicating with Plaintiff at a time and place known to be inconvenient to the Plaintiff.

b) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

c) Defendant violated §1692d(1) of the FDCPA by threatening the use of violence or other criminal means to harm the consumer or his/her property.

d) Defendant violated §1692d(2) of the FDCPA by using abusive language.

e) Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaged any person in telephone conversations repeatedly.

f) Defendant violated §1692d(6) of the FDCPA by placing telephone calls without disclosing his/her identity.

g) Defendant violated §1692e by false, deceptive, or misleading representation or means in connection with the debt collection.

h) Defendant violated §1692e(2) of the FDCPA by misrepresenting the character,

amount, or legal status of the alleged debt.

i) Defendant violated §1692e(4) of the FDCPA by stating to the Plaintiff that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment.

j) Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

k) Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt or obtain information about a consumer.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

21. Declaratory judgment that the Defendant's conduct violated the FDCPA.

22. Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

23. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

24. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: /s/ James Pacitti
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x230
Fax: (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN BALL hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, JOHN BALL, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JOHN BALL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4/14/10

JOHN BALL,
Plaintiff